Filed 9/12/23  In re A.M. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re A.M. et al., Persons Coming Under the Juvenile Court Law. | B320168<br>(Los Angeles County<br>Super. Ct. No.<br>22LJJP00086A–D) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ERICA M.,<br><br>    Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Stephanie M. Davis, Judge Pro Tempore. Affirmed.

Gina Zaragoza, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, David Michael Miller, Deputy County Counsel, for Plaintiff and Respondent.

_____

## I.  INTRODUCTION

Mother Erica M. (mother) challenges on appeal jurisdictional findings that her children, A.M. (born in 2010), J.M. (born in 2011), J.R. (born in 2013), and J.R., Jr. (born in 2015) are dependents of the juvenile court pursuant to Welfare and Institutions Code[1] section 300.  Mother contends that there was insufficient evidence to support the jurisdictional findings and the issuance of a three-year restraining order against her. We affirm.

The parties are familiar with the facts and procedural history, and our opinion does not meet the criteria for publication.  (Cal. Rules of Court, rule 8.1105(c).)  We therefore resolve this appeal by memorandum opinion pursuant to Standard 8.1 of the Standards of Judicial Administration and consistent with constitutional principles (Cal. Const., art. VI, § 14 ["Decisions of the Supreme Court and courts of appeal that determine causes shall be in writing with reasons stated"]; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1263, fn. omitted [three-paragraph discussion of issue on appeal satisfies

_____

[1]    Further statutory references are to the Welfare and Institutions Code.

2

constitutional requirement because "an opinion is not a brief in reply to counsel's arguments. [Citation.] In order to state the reasons, grounds, or principles upon which a decision is based, [an appellate court] need not discuss every case or fact raised by counsel in support of the parties' positions"]).

## II. DISCUSSION

### A. *Jurisdictional Findings*

We review the juvenile court's jurisdictional findings for substantial evidence. (*In re R.T.* (2017) 3 Cal.5th 622, 633.) We draw all reasonable inferences in favor of the findings and orders of the juvenile court, and do not reweigh the evidence or reassess credibility. (*Ibid.*)

"'When a dependency petition alleges multiple grounds for its assertion that a minor comes within the dependency court's jurisdiction, a reviewing court can affirm the juvenile court's finding of jurisdiction over the minor if any one of the statutory bases for jurisdiction that are enumerated in the petition is supported by substantial evidence. In such a case, the reviewing court need not consider whether any or all of the other alleged statutory grounds for jurisdiction are supported by the evidence.'" (*In re I.J.* (2013) 56 Cal.4th 766, 773.)

"Section 300, subdivision (b)(1), allows a child to be adjudged a dependent of the juvenile court when '[t]he child has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness, as a result of the failure or inability of his or her parent or guardian to adequately supervise or protect the child, or the willful or negligent failure of the

3

child's parent or guardian to adequately supervise or protect the child from the conduct of a custodian with whom the child has been left.' A jurisdiction finding under section 300, subdivision (b)(1), requires the Department to prove three elements: (1) the parent's or guardian's neglectful conduct or failure or inability to protect the child; (2) causation; and (3) serious physical harm or illness or a substantial risk of serious physical harm or illness." (*In re Cole L.* (2021) 70 Cal.App.5th 591, 601 (*Cole L.*).)

Mother argues there was insufficient evidence that the children were at substantial risk of serious physical harm at the time of the jurisdictional hearing. We disagree. "Although section 300 requires proof the child is subject to the defined risk of harm at the time of the jurisdiction hearing [citations], the court need not wait until a child is seriously abused or injured to assume jurisdiction and take steps necessary to protect the child. [Citations.] The court may consider past events in deciding whether a child presently needs the court's protection. [Citations.] A parent's "'[p]ast conduct may be probative of current conditions" if there is reason to believe that the conduct will continue.' [Citations.] 'To establish a defined risk of harm at the time of the hearing, there "must be some reason beyond mere speculation to believe the alleged conduct will recur."'" (*Cole L., supra*, 70 Cal.App.5th at pp. 601–602.) Domestic violence may serve as the basis for dependency jurisdiction pursuant to section 300, subdivision (b)(1). (*Id.* at pp. 602–603.)

Here, the record demonstrates that in 2018, J.R. (father) and mother engaged in domestic violence in front of the children. Mother had not addressed her domestic violence issues with father as she continued to threaten violence against him after their romantic relationship ended. Additionally, mother

4

minimized the domestic violence incident with male companion, B.S., describing B.S.'s conduct as merely "bump[ing]" into her rather than the shove that she reported to the police. Further, B.S. continued to reside in the family home, despite the juvenile court's order that B.S. have no contact with the children. On this record, we find substantial evidence supports the juvenile court's sustaining of counts b-1 and b-2.

B.      *Restraining Order*

We "apply the substantial evidence standard to determine whether sufficient facts supported the factual findings in support of a restraining order and the abuse of discretion standard to determine whether the court properly issued the order." (*In re Carlos H.* (2016) 5 Cal.App.5th 861, 866.)[2]

Mother's contention that the restraining order was not supported by substantial evidence is belied by the record. Mother and father had a history of domestic violence, with each party having engaged in violence against the other. On December 27, 2021, mother threatened to blow up paternal grandmother's home and to destroy father's family's property. On February 25, 2022, she threatened to kill father. Substantial evidence therefore supports the issuance of the April 13, 2022, restraining order (see, e.g., *In re Marriage of Davila and Mejia* (2018) 29 Cal.App.5th 220, 228 [husband threatening to kill wife sufficient to support issuance of restraining order]) and the juvenile court did not abuse its discretion by issuing it.

---

[2]      The Department takes no position on whether the court erred in issuing the restraining order.

### III. DISPOSITION

The jurisdictional findings and restraining order are affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

RUBIN, P. J.

BAKER, J.